Francis Thompson and Mable Thompson v. Commissioner.
Thompson v. Commissioner
Docket No. 48097.
United States Tax Court
T.C. Memo 1955-266; 1955 Tax Ct. Memo LEXIS 69; 14 T.C.M. (CCH) 1058; T.C.M. (RIA) 55266; September 29, 1955
*69 Dependency exemptions: Minor daughters of former marriage: Proof of existence. - A father was allowed a dependency exemption for two minor daughters by a former marriage. The Commissioner completely failed to overcome the prima facie proof of the taxpayer as to the existence of the daughters. Chas. D. Hunter, Jr., Esq., for the petitioners. John H. Welch, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined deficiencies against petitioners Francis Thompson and Mable Thompson, his wife, for the years 1949, 1950 and 1951 in the respective sums of $200, $209 and $245. The basis for the deficiencies, which is also the issue for decision, is the existence of Beulah Mae Thompson and Valerie Thompson, contended by petitioner to be his minor daughters by a former marriage and because of whom he took a dependency credit in each of said years, claiming to have furnished more than 50 per cent of the support of said children during said years. The petitioners filed joint income tax returns for the years involved with the collector at Tacoma, Washington. Upon the issue of the existence of Beulah Mae Thompson and Valerie *70 Thompson and petitioners' justification for naming them in their 1949, 1950 and 1951 income tax returns as dependents, we find for petitioners because respondent has completely failed to overcome the prima facie proof of petitioners as to this question. Petitioner, Francis Thompson, a man of no formal education whatsoever, prior to 1946 was married to Beulah Thompson but obtained a divorce from her in the year 1938. Whether by decree or otherwise, he retained custody of their children Beulah Mae Thompson and Valerie Thompson who were born in 1936 and 1937, respectively. In 1946 petitioner married his present wife, one of the petitioners in this case, Mable Thompson. During all three of the years at issue, petitioners with the two children lived at 2246 East Fairbanks Street in Tacoma, Washington. Beulah Mae and Valerie Thompson were both born with badly defective eyesight and were because thereof unable at any time to attend public schools. They remained in and about petitioner's home under the constant supervision of a neighbor after petitioner's divorce and before his remarriage and under the supervision of petitioner Mable Thompson thereafter until December of 1951. They were *71 able to help with housework but never, to that time, worked or earned money outside the home. Petitioner worked at the Tacoma Millwork & Supply Company and was the sole support of the family. The neighborhood in which the home of petitioner was located was fairly sparsely settled, the nearest house on his side of the street being three lots away, although a residence did exist directly across the street. Petitioner and his wife, with the exception of the next door neighbor who had been in supervision of the children immediately subsequent to petitioner's divorce, were not acquainted with others in the neighborhood and did not associate generally therein. On an undisclosed date in December of 1951 petitioner advised his two daughters that he could no longer support them and that it would be necessary for them to obtain work. The next day they left home apparently without notice to either of petitioners and, except for one letter, he has not seen them since, although he believes he knows their present address and prior to the hearing hereof so advised respondent's agent. Respondent's position as evidenced by his opening statement and by the statement attached to his deficiency *72 notice is simply that he has a complete lack of information as to the existence of the two dependents here involved. However, upon the hearing he produced the testimony of Tom Hicker who during the years at issue lived in the residence directly across the street from that of petitioners. Although at the time of his testimony he was 17 years old, during 1949, 1950 and 1951 he was, respectively, 11, 12 and 13 years of age. He testified that he had known petitioner for approximately five years and that during that time he had made three visits at widely separated occasions to petitioner's home in order to deliver misdirected mail. His testimony generally is in the negative and of little probative force. He did not during his visits to the Thompson home see the two dependents here involved. In his playing around the neighborhood he did not see them. He attended primary, junior and high school but did not see them. In short, his testimony is that he did not know of the existence of Beulah Mae and Valerie Thompson. Such testimony falls far short of that required to overcome the straightforward positive evidence presented to the Court by petitioner in his testimony at the time of hearing, *73 yet it seems to be the only basis upon which respondent's deficiency notice was issued. Decision will be entered for the petitioners.